**Natividad SILVA, Jr., Petitioner–Appellant**

v.

**Dan BERKEBILE, Warden, Respondent–Appellee.**

No. 08–10914

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 16, 2009.

Natividad Silva, Jr., Seagoville, TX, pro se.

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM: *

In January 1993, Natividad Silva, Jr., now federal prisoner # 23368–077, was

---

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

\* Pursuant to 5TH CIR R. 47.5, the court has determined that this opinion should not be

convicted by guilty plea for robbery affecting commerce in Counts 1, 2, 3, and 5 and for possession of a firearm during a crime of violence in Counts 4 and 6. He was sentenced to concurrent 97–month terms of imprisonment on Counts 1, 2, 3, and 5; a consecutive 60 month-term of imprisonment on Count 4; and a consecutive 240–month term of imprisonment on Count 6. He appeals from the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. This court reviews a district court's dismissal on the pleadings of a § 2241 petition de novo. *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000).

In Count 6, Silva and Jesus Silva (hereinafter referred to as Jesus) were charged with knowingly using and carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1). Silva concedes that the record established that he robbed an armored truck with the use of a firearm and that Jesus provided him with transportation to and from the scene of the crime. Silva argues that, in light of *Bailey v. United States,* 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), Jesus should not have been convicted of using or carrying a firearm in violation of § 924(c)(1). Silva concludes that he could not have been convicted of aiding or abetting Jesus's violation of § 924(c)(1) and that he is therefore actually innocent of Count 6.

When a defendant is charged as both a principal and as an aider or abettor, the principal need not be identified and the defendant may be convicted as either a principal or an aider or abettor. *United States v. Pearson,* 655 F.2d 569, 570–71 (5th Cir.1981). As Silva failed to show that he was actually innocent of Count 6, he did not meet the "savings clause" of 28 U.S.C. § 2255(e) by showing that the rem-

edy provided under § 2255 is "inadequate or ineffective" to test the legality of his detention. *See Christopher v. Miles,* 342 F.3d 378, 382 (5th Cir.2003).

Silva's appeal is without arguable merit and therefore frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. Silva is warned that further frivolous filings will result in the imposition of sanctions.

APPEAL DISMISSED; SANCTION WARNING ISSUED.

---

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

